IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

  vs.                                    Civil Action 2:10-CV-336
                                        Judge Graham
                                        Magistrate Judge King

**TOBIAS H. ELSASS,** *et al.,*

        **Defendants.**


## OPINION and ORDER

This action reflects efforts by the United States to enjoin defendants' promotion and pursuit of a theft loss tax program. This matter is now before the Court on defendants' motion to amend or correct their objection to the denial of their motion to compel, Doc. No. 68, on plaintiff's motion to strike defendants' reply, Doc. No. 77, on defendants' motion for leave to file *instanter*, Doc. No. 81, and on the motion for leave to withdraw as counsel for defendants, Doc. No. 70.

On September 6, 2011, the undersigned denied defendants' motion to compel. *Opinion and Order*, Doc. No. 62. Defendants filed objections to that denial, Doc. No. 66, as well as a motion to amend or correct their objections, Doc. No. 68. Defendants also filed a reply in support of their objections, Doc. No. 76, in response to which the United States filed a motion to strike, Doc. No. 77. In response to plaintiff's motion to strike, defendants filed a motion for leave to file a reply *instanter* or to strike the government's opposition to defendants' objections, Doc. No. 81. In their motions and memoranda relating to these motions, the government complains that defendants "have made it their practice in this case to disregard deadlines or procedures, whether imposed by the Local

Rules or the Federal Rules, where to do so would benefit them in some respect, often resulting in substantial delay of the lawsuit." *Motion to Strike Reply Brief,* Doc. No. 77, p. 2.

Although the progress of the litigation has been delayed, that delay has been caused primarily by efforts – thus far unsuccessful – to negotiate a settlement of this case. Although the Court does not condone efforts by any party to unnecessarily delay the progress of any case, the Court is not persuaded that affording defendants a full opportunity to pursue their objections to this Court's prior order will result in such undue delay. Accordingly, defendants' motion to amend or correct their objection, Doc. No. 68, and defendants' motion for leave to file *instanter*, Doc. No. 81, are **GRANTED**. The motion of the United States to strike defendants' reply, Doc. No. 77, is **DENIED.**

Counsel for defendants have filed a motion for leave to withdraw, representing that defendants "have failed substantially to meet their financial obligations to the movants, and have already imposed unreasonable financial burden on them." *Motion to Withdraw*, Doc. No. 70, p. 5. Defendant Elsass acknowledges that payment to defense counsel is in arrears,[1] but nevertheless opposes the motion and asks, *inter alia*, that counsel be required to "remain as Counsel for all Defendants due to the Greater Public good and interest in this case." *Defendants* [sic] *Response to Motion of Axelrod Laliberte to Withdrawal* [sic], Doc. No. 78, p. 4.

The Local Rules of this Court permit the withdrawal of trial counsel upon a showing of "good cause, as defined by the Rules of Professional Conduct . . ." S.D. Ohio Civ. R. 83.4(c)(2). *See also* S. D. Ohio Civ.

---

[1] Defendant Elsass argues that defendants' financial distress has been caused by misconduct on the part of the United States.

R. 83.4(d)(" . . . co-counsel who wish to withdraw must file a motion that complies with subsection (c)(2) of this Rule.") The Rules of Professional Conduct permit a lawyer to withdraw from the representation of a client where, *inter alia*,

> (5)the client fails substantially to fulfill an obligation, financial or otherwise, to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled; [or] (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client.

*Ohio Rules of Professional Conduct*, Rules 1.16(b)(5), (6). Defense counsel have established to this Court's satisfaction that grant of the motion to withdraw is warranted. It would be unreasonable, in this Court's estimation, to impose on defense counsel the substantial financial burden of defending against the claims asserted by the United States. Particularly is this so where, as here, substantial discovery remains to be completed. The Court will therefore grant the motion for leave to withdraw.

The Court is not unmindful of the difficult position in which defendants find themselves. The Court will therefore grant defendants thirty (30) days to effect the appearance of substitute counsel.

**WHEREUPON**, defendants' motion to amend or correct their objection, Doc. No. 68, and defendants' motion for leave to file *instanter*, Doc. No. 81, are **GRANTED**. The motion of the United States to strike defendants' reply, Doc. No. 77, is **DENIED.** The motion for leave to withdraw as counsel for defendants, Doc. No. 70, is **GRANTED**. Defendants are granted thirty (30) days to effect the appearance of counsel on their behalf, if

they choose to do so.[2]

Proceedings in the case are **STAYED** during this period. **The Court will conduct a status conference on December 15, 2011, at 1:30 p.m., to establish a new pretrial schedule.**

November 2, 2011                             *s/Norah McCann King*
                                              Norah M<sup>c</sup>Cann King
                                              United States Magistrate Judge

---

[2] As the Court previously noted, *Order*, Doc. No. 74, although defendant Elsass, an individual, may represent himself in this action, the corporate defendants may proceed only through the services of counsel licensed to practice in this Court. Their failure to do so may result in their default.

4