**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | Case No. 2:10-CV-336 |
| v. | Judge Peter C. Economus |
| **TOBIAS H. ELSASS** | Magistrate Judge Norah McCann King |
| **SENSIBLE TAX SERVICES, INC. and** | MEMORANDUM OPINION |
| **FRAUD RECOVERY GROUP, INC.,** | AND ORDER |
| **Defendants.** | |

This matter is before the Court for consideration of Defendants Tobias H. Elsass, Sensible Tax Services, Inc., and Fraud Recovery Group, Inc.'s ("Defendants") Motion for Leave to Amend Objections to Opinion and Order Denying Motion to Compel. (Doc. # 68.) Plaintiff United States of America filed an opposition to the motion with regard to the objections only (doc. # 67), to which Defendants filed a reply (doc. # 76).[1]

**I.**

Plaintiff brings this action pursuant to 26 U.S.C. §§ 7402, 7404, 7407, and 7408, seeking to enjoin Defendants from "promoting a tax evasion scheme involving the claiming of Section 165 theft-loss deductions on individual income tax returns."[2] (Complaint, doc. #1, ¶ 1; Opp. to Mot., page 3.) Specifically, Plaintiff alleges that "Defendants are continually and repeatedly urging their customers to claim improper theft-loss deductions under Section 165 of the Internal Revenue Code." (Complaint, ¶ 2.) Defendants claim that their advice to clients is sound and

---

[1] Magistrate Judge King granted Defendants leave to amend the objections in an Opinion and Order dated November 2, 2011. (Doc. # 86.)

[2] Plaintiff alleges other claims against Defendants, but the discovery dispute centers almost exclusively on documents allegedly related to Defendants' good-faith defense to the theft-loss-deduction claims.

that the deduction is properly claimed as allegedly evidenced by the small portion of their clients' returns actually disallowed. (Answer, doc. # 13; Motion, page 2.) They argue that "the deductibility of theft losses is not black and white because it depends on such things as whether the loss was the result of a taking of property that was illegal under the laws of the state where the loss occurred[ ] and that the taking was with criminal intent." (*Id.*, page 3.) Because of this alleged gray area in the IRS Code, "return preparers must often make a judgment call on whether a qualified theft has occurred." (*Id.*) Defendants assert that they had reasonable cause to counsel clients to claim the theft-loss deduction. This "good faith" defense is the basis for their document requests.

## II.

In their Motion to Compel, Defendants sought production of "all documents, files, and internal IRS communications that implicate any of the following defenses—e.g., reasonable cause, confusion in the law, and absence of willful, reckless or intentional conduct[.]" (Mot. to Compel, page 4.) These requests originally included "electronically stored information" ("ESI") complete with identification of "discoverable categories of ESI" in a "native file format" which would reveal the IRS' alleged internal debate over the application of the theft loss deduction. (*Id.*, page 14.)

Magistrate Judge King denied the motion, noting as follows:

> In any event, Defendants' far-reaching discovery requests are not tailored to their own articulated need for the discovery. Even assuming that actions or positions taken by IRS employees are relevant to the defenses of reasonable cause and willfulness, it is only those actions or those positions of which Defendants had actual knowledge that would be relevant. Actions or positions of which Defendants had no knowledge are simply irrelevant to Defendants' state of mind or to the reasonableness of Defendants' conduct. Of course, evidence of actions or positions of which

>Defendants had actual knowledge are likely to be within Defendants' own knowledge, possession and control.

(Opinion and Order, doc. # 62, page 10; footnotes omitted.)  Federal Rule of Civil Procedure 26(b)(2)(C) permits the court to "limit the frequency or extent of discovery otherwise allowed by these rules . . . if it determines that (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive[.]"

Defendants now ask this Court to overrule Magistrate Judge King's decision on the basis of "clear error" (Motion, page 2), but they offer very little in support.  Instead, they essentially restate the same arguments they had made in their Motion to Compel.  Despite Defendants' assertions that their objections narrow the scope of their requests, a review reveals the same broad demands: "all IRS files regarding its consideration of the deductions described in the complaint", "all internal communications . . . exchanged among persons at the IRS with knowledge of the investigation", and the IRS agent's investigative file.[3] (*Id.*, pages 8, 13, 15.)

Under the Federal Rules of Civil Procedure, "a district judge in the case must consider timely objections [to magistrate orders on nondispositive matters] and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b).  Defendants point to nothing in Magistrate Judge King's well-reasoned opinion that would prompt this Court to modify or set aside the order.  Rather, Magistrate Judge

---

[3] Plaintiff avers that this investigative file has already been produced to Defendants: "[T]he United States produced the nonprivileged portions of Revenue Agent Poole's file in early 2011, as well as indices that identify with specificity where such materials are to be found in the production." (Opp., page 16, emphasis deleted.)

3

King applied the rule appropriately, restricting Defendants' cumulative, duplicative or irrelevant discovery requests.

### III.

Defendants' Motion for Leave to Amend Objections to Opinion and Order Denying Motion to Compel (doc. # 68) is **DENIED.**  Because the order of the United States Magistrate Judge is neither clearly erroneous nor contrary to law, Defendants' objections to that order are **DENIED.**

**IT IS SO ORDERED.**

**/s/ Peter C. Economus  -  February 1, 2012**
**UNITED STATES DISTRICT JUDGE**