```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

**UNITED STATES OF AMERICA,**

        Plaintiff,

   v.                                Case No. 2:10-CV-336
                                        Judge Economus
                                        Magistrate Judge King

**TOBIAS H. ELSASS,** *et al.*,

        Defendants.

## OPINION AND ORDER

The United States of America brings this action for injunctive and declaratory relief in connection with defendants' promotion and pursuit of a theft loss tax program. This matter is now before the Court on the motion of defendant Tobias H. Elsass ["Elsass"] to recuse the undersigned and for a stay of discovery pending resolution of this motion. *Motion Requesting Recusal of Magistrate Judge Norah McCann King and Motion for Stay of all Discovery in this Case*, Doc. No. 94 ["*Motion to Recuse and to Stay*"].[1] The United States has filed a memorandum in opposition, *Opposition to Motion to Recuse and Stay*, Doc. No. 99. There has been no reply.

Elsass bases his request to recuse on the fact that the undersigned presided over several mediation sessions during the course of these proceedings. Acknowledging that the undersigned met

---

[1] The motion to stay also asks that all discovery be stayed pending resolution of the motion to reconsider the denial of defendants' motion to compel discovery. Doc. No. 94. The motion to reconsider was denied on February 2, 2012. *Memorandum Opinion and Order*, Doc. No. 98. This aspect of the *Motion to Recuse and to Stay* is therefore moot.

separately with both sides at various times during those mediation sessions, Elsass posits that the undersigned "became biased and prejudiced as against Defendant Elsass and all the other Corporate Defendants" during those meetings. *Motion to Recuse and to Stay*, at 2. Elsass specifically points, as evidence of bias, to the denial of defendants' motion to compel, *Opinion and Order*, Doc. No. 62, the grant of the motion for leave to withdraw as counsel for defendants, *Opinion and Order*, Doc. No. 86, this Court's requirement that the defendants, including the corporate defendants, respond to the motion for leave to withdraw within seven (7) days, *Order,* Doc. No. 74, and the refusal by the undersigned to stay discovery or to further extend the discovery completion date, *see Order,* Doc. No. 88.  Elsass also speculates that the pending motion for leave to amend the complaint to join a new defendant, Doc. No. 89, will be granted but that the undersigned will nevertheless not permit any new party the opportunity to conduct discovery.  *Motion to Recuse and to Stay*, at 6.

Federal law requires a federal judicial officer to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. §455(a).  The bias or prejudice that mandates recusal, however, must be wrongful or inappropriate, *i.e.*, either relying on knowledge acquired outside the proceedings or displaying deep-seated and unequivocal antagonism that would render fair judgment impossible. *Liteky v. United States*, 510 U.S. 540 (1994).  In this regard, judicial rulings alone almost never constitute a basis for recusal.  *Id.; United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966).

To the extent that the *Motion to Recuse and to Stay* is not based

on rank speculation,[2] the motion is based on judicial rulings in this case.  Elsass has therefore failed to establish a proper basis for recusal.  In any event, however, the rulings about which Elsass complains simply do not manifest bias against any party in this action.

Although Elsass is convinced that the denial of defendants' motion to compel was erroneous, the motion to reconsider that denial has now been affirmed by the District Judge who concluded that the decision of the undersigned was neither clearly erroneous nor contrary to law.  *Memorandum Opinion and Order*, Doc. No. 98.  The grant of counsel's motion to withdraw was based on the local rules of this Court, S. D. Ohio Civ. R. 83.4, and the *Ohio Rules of Professional Conduct*, Rules 1.16(b)(5), (6).  *Opinion and Order*, Doc. No. 86, pp. 2-3. This Court remains convinced that the grant of leave to withdraw was neither improper nor evidence of bias against defendants in light of defendants' admitted failure to meet their financial obligations to their counsel.  *See id.* ("It would be unreasonable . . . to impose on defense counsel the substantial financial burden of defending against the claims asserted by the United States. Particularly is this so where, as here, substantial discovery remains to be completed.").  Elsass makes much of the fact that the order establishing an accelerated schedule for briefing the motion for leave to withdraw

---

[2]Meeting separately with the parties in caucus is, of course, a standard aspect of mediation and Elsass does not appear to contend otherwise.  Elsass also acknowledges that the undersigned separately met without objection with defendants as well, but speculates that something improper must have occurred during the course of the meetings with the attorney for the government.  No such impropriety occurred.  The Court will not speculate as to the basis of Elsass' assumption that the government's motion for leave to amend, which all defendants have opposed and which remains pending, will be granted.

also advised defendants that corporate entities may participate in litigation only through counsel licensed to practice law in this Court.  *See Order*, Doc. No. 74. That language, which the undersigned routinely includes in connection with motions for leave to withdraw, is intended to assure that litigants understand the significance and ramifications of a motion for leave to withdraw.  Significantly, at the time that order was issued all defendants, including the corporate defendants, were represented by counsel.  In any event, the Court thereafter granted the corporate defendants additional time in which to effect the appearance of counsel, *Order*, Doc. No. 88, at 1, and these defendants are now, in fact, represented by counsel. *Notice of Appearance of Counsel,* Doc. No. 90.  That counsel has indicated that "he can meet the case schedule that is currently in place." *Order*, Doc. No. 92, p. 1.

In short, the *Motion to Recuse and to Stay*, Doc. No. 94, establishes no basis for the recusal of the undersigned.  To that extent, the motion is **DENIED.**  To the extent that the motion requests a stay of discovery, that motion is likewise **DENIED.**

The United States has filed a motion to compel discovery by the FRG defendants. *United States' Motion to Compel*, Doc. No. 100. Because the discovery completion date is imminent, the Court concludes that establishing an accelerated briefing schedule in connection with this motion is appropriate.  If the FRG defendants intend to oppose the motion, they shall file their memorandum in opposition no later than March 12, 2012.  The United States may have until March 15, 2012, to reply.

```
                                          s/ Norah McCann King
                                        Norah McCann King
                                        United States Magistrate Judge
March 6, 2012
```