IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

  vs.                          Civil Action 2:10-CV-336
                                    Judge Economus
                                    Magistrate Judge King

TOBIAS H. ELSASS, *et al.*,

        Defendants.

OPINION AND ORDER

This matter is before the Court on *United States' Motion to Compel*, Doc. No. 100 ("*Motion to Compel*"). For the reasons that follow, the *Motion to Compel* is **GRANTED** in part and **DENIED** in part.

I.    **BACKGROUND**

This Court has previously set forth the facts in this case. *Opinion and Order*, Doc. No. 62, pp. 1-3. More briefly, plaintiff United States of America ("plaintiff" or "the Government") brings this action for injunctive and declaratory relief under 26 U.S.C. §§ 7402, 7407[1] and 7408 against defendants Tobias H. Elsass ("Elsass"), Sensible

---

[1]Section 7407 governs actions to enjoin "tax return preparers":

```
[I]f the court finds--
    (1) that a tax return preparer has--
        (A) engaged in any conduct subject to penalty under section
        6694 or 6695 [26 USCS § 6694 or 6695], or subject to any
        criminal penalty provided by this title,
        (B) misrepresented his eligibility to practice before the
        Internal Revenue Service, or otherwise misrepresented his
        experience or education as a tax return preparer,
        (C) guaranteed the payment of any tax refund or the
        allowance of any tax credit, or
        (D) engaged in any other fraudulent or deceptive conduct
        which substantially interferes with the proper
        administration of the Internal Revenue laws, and
    (2) that injunctive relief is appropriate to prevent the
recurrence of such conduct, the court may enjoin such person from
```

Tax Services, Inc. ("STS") and Fraud Recovery Group, Inc. ("FRG")[2] in connection with what plaintiff characterizes as defendants' promotion of a theft loss tax scheme. Plaintiff specifically asks that defendants be enjoined from acting as tax return preparers, from providing advice concerning federal tax matters and from promoting their claimed expertise as to the application of the "theft-loss" deduction under Internal Revenue Code § 165. *Complaint*, Doc. No. 1, at ¶¶ 34-37.

Plaintiff alleges that defendant Elsass formed FRG in 2006, *id.* at ¶ 28, as a means for promoting the application of the theft-loss deduction to victims of investment-related schemes. FRG then contacted prospective customers regarding its services. *Id.* at ¶ 31. Should a customer express interest, FRG then prepared a questionnaire and engagement form but "conduct[ed] no evaluation to determine if a prospective customer could legitimately claim a theft-loss deduction. . ." *Id.* According to the *Complaint*, defendant Elsass formed STS in 2009 "to prepare [income tax] returns for FRG theft-loss claimant customers as well as prepare returns for taxpayers who simply want tax preparation assistance generally without claiming a theft-loss deduction." *Id.* at ¶ 34.

The *Complaint* details specific instances of defendants' alleged

---

further engaging in such conduct. If the court finds that a tax return preparer has continually or repeatedly engaged in any conduct described in subparagraphs (A) through (D) of this subsection and that an injunction prohibiting such conduct would not be sufficient to prevent such person's interference with the proper administration of this title, the court may enjoin such person from acting as a tax return preparer.

26 U.S.C. § 7407(b).

[2]The Court will refer collectively to STS and FRG as "the FRG defendants."

misconduct in connection with the application of the theft-loss deduction on behalf of defendants' clients. *Id.* at ¶¶ 35-62. According to plaintiff, "the tax revenue lost as a result of improper theft-loss claims engineered by the Defendants is significant." *Id.* at ¶ 64.

On January 5, 2012, plaintiff sought leave to amend the *Complaint* in order to join as a defendant FRG Nevada LLC ("FRG Nevada"), contending that FRG Nevada engaged in the same unlawful activity addressed in the original *Complaint*. Doc. No. 89. In light of the case deadlines, the Court denied the motion to amend, concluding that granting leave to amend at the late stage in the proceedings risked unfair prejudice to the current defendants and/or to FRG Nevada. *Opinion and Order*, Doc. No. 103.

During the course of discovery, defendants responded to plaintiff's Third Set of Interrogatories. *Exhibit A*, attached to *Motion to Compel*. Plaintiff sought additional information regarding FRG Nevada in response to Interrogatory No. 5, which defendants resisted. *See Exhibits B* and *C*, attached to *Motion to Compel*. Unable to resolve the dispute, plaintiff filed the *Motion to Compel*, which defendants oppose. *Defendant Tobias Elsass, Memorandum Contra to Plaintiff's Motion to Compel*, Doc. No. 104; *Defendants Fraud Recovery Group Inc. & Sensible Tax Service's Memorandum Contra United States' Motion to Compel*, Doc. No. 105. With the filing of the *Reply in Further Support of United States' Motion to Compel*, Doc. No. 109 ("*Reply*"), this matter is ripe for resolution.

## II.  STANDARD

The Federal Rules of Civil Procedure grant parties the right to

"obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . ." Fed. R. Civ. P. 26(b)(1). Relevance for discovery purposes is extremely broad. *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). However, "district courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce." *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007) (citing Fed. R. Civ. P. 26(b)(2)). In determining the proper scope of discovery, a district court balances a party's "right to discovery with the need to prevent 'fishing expeditions.'" *Conti v. Am. Axle & Mfg.*, No. 08-1301, 326 Fed. Appx. 900, at *907 (6th Cir. May 22, 2009) (quoting *Bush v. Dictaphone Corp.*, 161 F.3d 363, 367 (6th Cir. 1998)).

Rule 37 authorizes a motion to compel discovery when a party fails to provide a response to an interrogatory under Rule 33. Fed. R. Civ. P. 37(a)(3)(B)(iii). In addition, Rule 37(a) expressly provides that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). Finally, the party moving to compel discovery must certify that it "has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). *See also* S.D. Ohio Civ. R. 37.2. This prerequisite has been met in this case. *Motion to Compel*, p. 2.

## III. DISCUSSION

Plaintiff seeks an order compelling a more detailed answer to

4

Interrogatory No. 5, which asks:

> For each entity identified in response to Interrogatory No.
> 4 [which sought the disclosure of "subsidiary companies or
> entities related to or owned by of the Defendants and
> established, created, or acquired since the filing of the
> lawsuit" and to which defendants identified FRG Nevada], set
> forth (a) the names, addresses, and Social Security Numbers
> of all taxpayer customers who contracted with the entity to
> assist the customer in claiming a Section 165 theft loss
> deduction, (b) the purported fraudulent scam that resulted
> in the claimed theft loss, (c) the claimed amount of the
> theft loss, (d) the claimed amount of the deduction
> resulting from the theft loss, and (e) the amount paid by
> the customer for the services provided in claiming the
> Section 165 theft loss deduction.

*Exhibit A*, p. 5, attached to *Motion to Compel*.  In response to this

interrogatory, defendants answered:

> (a)  None.

> (b)  Defendants object to this portion of Interrogatory No.
>      5 in that it is vague and ambiguous regarding its
>      scope, *i.e.*, it is unclear whether it requests
>      information concerning scams that resulted in theft
>      losses claimed by individuals who have contracted with
>      FRG or FRG Nevada, or both.  Without waiving said
>      objection, no fraudulent scams have resulted in theft
>      losses being claimed by taxpayers who have contracted
>      with FRG Nevada.

> (c)  Defendants object to this portion of Interrogatory No.
>      5 in that it is vague and ambiguous regarding its
>      scope, *i.e.*, it is unclear whether it requests
>      information concerning theft losses claimed by
>      individuals who have contracted with FRG or FRG
>      Nevada, or both.  Without waiving said objection,
>      none.

> (d)  Defendants object to this portion of Interrogatory No.
>      5 in that it is vague and ambiguous regarding its
>      scope, *i.e.*, it is unclear whether it requests
>      information concerning theft losses claimed by
>      individuals who have contracted with FRG or FRG
>      Nevada, or both.  Without waiving said objection,
>      none.

> (e)  Defendants object to this portion of Interrogatory No.
>      5 in that it is vague and ambiguous regarding its
>      scope, *i.e.*, it is unclear whether it requests
>      information concerning individuals who have contracted

5

           with FRG or FRG Nevada, or both. Without waiving said
           objection, none.

*Exhibit A*, pp. 5-6, attached to *Motion to Compel*.

      Plaintiff explains that Interrogatory No. 5 "seeks to gauge the
nature of FRG Defendants' expansion efforts, by determining what
success FRG Nevada has had in locating new customers for the overall
FRG enterprise and whether the theft loss claims prepared for such
customers violate the Internal Revenue Code." *Motion to Compel*, p. 6.
This information is necessary, plaintiff argues, because it shows that
the FRG defendants are still preparing and filing fraudulent theft
loss claims and therefore provides evidence that the FRG defendants
are "continually or repeatedly" violating the tax codes. *Id*. at 6
(citing, *inter alia*, 26 U.S.C. § 7407). Therefore, according to
plaintiff, this information is relevant to the type and scope of
injunctive relief appropriate in this case. Defendants disagree,
taking the position that FRG Nevada is a separate entity and that the
Court should not compel defendants to produce information within a
third party's possession. In any event, defendants argue, the Court's
denial of plaintiff's motion for leave to amend to join FRG Nevada as
a defendant establishes that this discovery is not appropriate and/or
renders moot Interrogatory No. 5. In reply, plaintiff contends that
the Court would have to arbitrarily ignore the close relationship
between FRG Nevada and FRG in order to accept defendants' assertion
that they do not possess information about FRG Nevada. Plaintiff
further notes that the Court's prior ruling, *Opinion and Order*, Doc.
No. 103, denied the motion for leave to amend based on the timing of
the motion and not on the nature of any relationship between the

6

current defendants and FRG Nevada.

Plaintiff's arguments are well-taken. As discussed *supra*, the Court concluded that the grant of plaintiff's motion for leave to amend the complaint to join an additional party at this late stage in the proceedings risked unfair prejudice to the current defendants and/or FRG Nevada. *Opinion and Order*, Doc. No. 103. That decision does not render moot Interrogatory No. 5, which seeks information relevant to the claims actually pending in this litigation. Indeed, determining the scope of the FRG defendants' business efforts provides insight into whether the FRG defendants are "continually or repeatedly" violating the tax codes. The information sought by Interrogatory No. 5 is therefore relevant to the issues in this case.

Defendants contend that they cannot more fully respond to Interrogatory No. 5 because they do not possess information about the activities of FRG Nevada, a separate third party. However, the evidence before the Court belies that assertion. Defendant Elsass "is the manager of and exercises practical control over FRG Nevada." *Exhibit A*, p. 5, attached to *Motion to Compel*. FRG and FRG Nevada were involved in the same tax theft loss claims for a particular taxpayer. *See Exhibit A* (copy of amended tax return prepared by "Worthington Tax Group," which shares FRG's office space) and *Exhibit B* (cover letter on FRG Nevada letterhead accompanying amended tax return for the same taxpayer), attached to *Reply*. In addition, it appears that at least one FRG customer has conferred a power of attorney on FRG Nevada personnel. *Exhibit C* (IRS letter dated January 18, 2012, addressed to "FRG Nevada, Attention: Thomas L. Sooey," with an address in Worthington, Ohio), attached to *Reply*. Under these

7

circumstances, defendants will be required to more fully respond to Interrogatory No. 5.

Finally, plaintiff seeks fees and costs associated with the filing of its *Motion to Compel*. Rule 37 requires the payment of reasonable expenses associated with the grant of a motion to compel, including attorney's fees, unless the "opposing party's nondisclosure, response, or objection was substantially justified; or . . . other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(ii), (iii). Here, defendants represent to the Court that they believed that the *Opinion and Order*, Doc. No. 103, rendered moot the need to supplemental their response to Interrogatory No. 5. Under these circumstances, the Court concludes that an award of fees would not be unjust. Plaintiff's request for fees and costs is therefore denied.

**WHEREUPON**, *United States' Motion to Compel*, Doc. No. 100, is **GRANTED** in part and **DENIED** in part consistent with the foregoing. Defendants are **ORDERED** to provide a supplemental, more detailed[3] answer to Interrogatory No. 5 no later than May 18, 2012.

May 9, 2012                          *s/Norah McCann King*
                                    Norah McCann King
                                    United States Magistrate Judge

---

[3]In so ordering, the Court expects that defendants will not reiterate former defense counsel's objection to the form of Interrogatory No. 5. *See Exhibit B*, attached to *Motion to Compel.*