IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

  vs.                                      **Civil Action 2:10-CV-336**
                                                  **Judge Economus**
                                                  **Magistrate Judge King**

**TOBIAS H. ELSASS,** *et al.***,**

        **Defendants.**

## OPINION AND ORDER

This matter is before the Court on *United States' Motion for Sanctions*, Doc. No. 102 ("*Motion for Sanctions*"). For the reasons that follow, the *Motion for Sanctions* is **DENIED**.[1]

## I. BACKGROUND

This Court has previously set forth the facts in this case, *Opinion and Order*, Doc. No. 62, pp. 1-3, and will not do so again here. Defendants Elsass, Sensible Tax Services, Inc. ("STS") and Fraud Recovery Group, Inc. ("FRG") previously identified Shelly Piecenski as an employee of FRG. *Declaration of Erin Healy Gallagher*, ¶ 4 ("*Gallagher Declaration*"), attached as Exhibit 1 to *Motion for Sanctions*. Ms. Piecenski's deposition was previously scheduled for April 28, 2011, then cancelled and rescheduled for November 1, 2011. *Id*. After defense counsel moved to withdraw, the deposition was cancelled a second time. *Id*.

On January 18, 2012, the Court conferred with counsel and defendant Elsass, who is now proceeding *pro se*. *Order*, Doc. No. 92.

---

[1] Although defendant Tobias H. Elsass ("defendant Elsass") requests oral argument, the Court concludes that oral argument is unnecessary to the resolution of this motion.

Following that conference, the Court ordered, *inter alia*, that plaintiff's requested depositions of four current or former FRG employees must be completed no later than February 10, 2012. *Id*. at 2.

After Ms. Piecenski's deposition was cancelled a second time, defendant Elsass represented to plaintiff that she was no longer an employee of any defendant and that he had no control over her to influence her appearance at a deposition. *Gallagher Declaration*, ¶ 5. Accordingly, a paralegal from plaintiff's office contacted Ms. Piecenski and confirmed that February 7, 2012 was convenient for Ms. Piecenski. *Declaration of Natalie T. Sexsmith*, ¶ 7 ("*Sexsmith Declaration*"), attached as Exhibit 2 to *Motion for Sanctions*. On January 20, 2012, plaintiff issued a subpoena compelling Ms. Piecenski's appearance for deposition on February 7, 2012 in Columbus, Ohio. *Exhibit 2.1*, attached to *Sexsmith Declaration*. On January 25, 2012, Ms. Piecenski was personally served with the subpoena. *Exhibit 2.3*, attached to *Sexsmith Declaration*.

In addition to the deposition of Ms. Piecenski on February 7, 2012, the parties scheduled other depositions in Columbus, Ohio during the same week. *Sexsmith Declaration*, ¶ 6; *Affidavit of Robin L. Jindra*, ¶ 4 ("*Jindra Affidavit*"), attached as Exhibit A to *Non-Party Shelly Piecenski's Memorandum in Opposition to United States Motion for Sanctions (Doc # 102-1)*, Doc. No. 114 ("*Piecenski Memo. Contra*"). One of plaintiff's attorneys, Erin Healy Gallagher, traveled from her office in Washington, D.C. to Columbus, Ohio to take depositions, including the deposition of Ms. Piecenski, and to "conduct other case-related business." *Gallagher Declaration*, ¶ 6.

On February 6, 2012, prior to the start of a witness deposition, defendant Elsass stated that the deposition of Ms. Piecenski and another witness, Staci Hood, would not proceed because the witnesses would not attend without their lawyer, who had been retained the week before but who was unavailable on the date of the scheduled depositions. *Sexsmith Declaration*, ¶ 6. However, plaintiff did not rely on these representations because defendant Elsass was not representing Ms. Piecenski in a legal capacity and because he had previously disclaimed any control over her for purposes of appearing at a deposition. *Id*. Defendant Elsass's statement on February 6, 2012 was the first time that anyone had contacted plaintiff regarding Ms. Piecenski's interest in having an attorney represent her during the deposition or any impediment to her deposition. *Id*. at ¶ 7.

At 5:20 p.m. on February 6, 2012, Ms. Piecenski's attorney, J. Harris Leshner, contacted plaintiff's attorney and asked that the deposition be rescheduled because he was unavailable. *Id*. at ¶ 8. Plaintiff's counsel refused to reschedule Ms. Piecenski's deposition and advised Attorney Leshner that the deposition had been scheduled three times in the past year and that the Court required that all depositions be completed by February 10, 2012. *Id*. at ¶ 9. Plaintiff's counsel further advised that plaintiff would be present and ready to proceed with the deposition as specified in the subpoena. *Id*.

At 8:16 a.m. on February 7, 2012, Attorney Leshner advised plaintiff's counsel that he would not be representing Ms. Piecenski, but that he would inform her of plaintiff's intentions. *Id*. at ¶ 10. Plaintiff's counsel, Attorney Gallagher, and a court reporter retained

by plaintiff were present at the date, time and location specified in the subpoena served on Ms. Piecenski. *Gallagher Declaration*, ¶¶ 6-7. Approximately 10 minutes after the deposition was scheduled to begin, defendant Elsass and Ms. Piecenski appeared. *Id*. at ¶ 8. Defendant Elsass instructed Ms. Piecenski to read a statement from her lawyer. *Transcript of Proceedings*, pp. 5-6 ("*Transcript*"), attached as Exhibit 1.1 to the *Motion for Sanctions*. Ms. Piecenski complied, stating that she had a right to counsel during her deposition, that she had been diligent in attempting to secure counsel, and that her attorney was unavailable on the day of the deposition. *Id*. at 6. Attorney Gallagher tried to inquire further and asked to view the notes from which Ms. Piecenski had read her statement. *Id*. at 7. However, defendant Elsass instructed Ms. Piecenski not to "argue with" Attorney Gallagher and instructed Ms. Piecenski to leave with him. *Id*. Ms. Piecenski complied, refusing to allow Attorney Gallagher to view the legal pad from which she had read her statement. *Id.; Gallagher Declaration*, ¶ 11.

Later that morning, Ms. Piecenski retained another attorney, Robin L. Jindra, for purposes of defending her deposition. *Jindra Affidavit*, ¶ 2. In the afternoon, Attorney Jindra contacted Attorney Gallagher and advised that she would now be representing Ms. Piecenski and Ms. Hood for purposes of their depositions. *Id*. at ¶ 4. Attorney Jindra offered to reschedule Ms. Piecenski's deposition for the following day, February 8, 2012, which was the same day that Ms. Hood's deposition was scheduled to begin at 9:00 a.m. *Id*. Attorney Gallagher responded that plaintiff's schedule "will not permit two depositions in one day[,]" but that she would "extend to Ms. Piecenski

4

the courtesy of deposing her on Thursday [February 9, 2012] rather than today, as scheduled." *Exhibit 1*, p. 1, attached to *Jindra Affidavit*. Attorney Gallagher advised that, if Ms. Piecenski did not appear for a deposition on February 9, 2012, plaintiff "will move forward with a motion to compel her [Ms. Piecenski's] deposition and/or contempt, plus all appropriate costs." *Id*. Attorney Jindra confirmed that Ms. Piecenski would appear with counsel on that date. *Id*. On February 9, 2012, Attorney Gallagher conducted her examination of Ms. Piecenski, accompanied with counsel, "without incident[.]" *Gallagher Declaration*, ¶ 12; *Jindra Affidavit*, ¶ 8.

On February 16, 2012, Attorney Gallagher advised the parties and Ms. Piecenski's counsel that she planned to file a motion for the costs associated with the terminated deposition, inviting them to pay the costs incurred to that date or to further discuss the matter. *Gallagher Declaration*, ¶ 13. Upon his request, Attorney Gallagher gave defendant Elsass a description of the fees and costs, but received no payment or additional communication from him. *Id*. Ms. Piecenski's counsel did not respond to Attorney Gallagher. *Id*.

Shortly thereafter, plaintiff filed the *Motion for Sanctions* pursuant to Fed. R. Civ. P. 30(d)(2), seeking payment of $3,287.50 in total fees and costs incurred. Plaintiff asks that the costs be assigned, jointly and severally, to Ms. Piecenski and to defendant Elsass. Defendant Elsass and non-party Ms. Piecenski oppose the *Motion for Sanctions*. *See Defendant Elsass Memorandum Contra Plaintiff's Motion for Sanctions and Request for Oral Hearing*, Doc. No. 113; *Piecenski Memo. Contra*.

**II. STANDARD**

Rule 30 of the Federal Rules of Civil Procedure provides that "[t]he court may impose an appropriate sanction--including the reasonable expenses and attorney's fees incurred by any party--on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2). The Court may impose this sanction on non-party witnesses as well as parties. *See* Fed. R. Civ. P. 30 advisory committee's note to 1993 amendments to paragraph (2) under subdivision (d).

**III. DISCUSSION**

Plaintiff argues that Ms. Piecenski and defendant Elsass engaged in sanctionable conduct because they impeded, delayed and frustrated the fair examination of Ms. Piecenski on February 7, 2012 by unilaterally terminating the deposition after Ms. Piecenski read a brief statement into the record. *Motion for Sanctions*, pp. 5-6 (citing, *inter alia*, *Jurczenko v. Fast Prop. Solutions, Inc.*, No. 1:09-cv-1127, 2010 U.S. Dist. LEXIS 73400, at 9-10 (N.D. Ohio July 20, 2010)). Plaintiff takes the position that this behavior is particularly egregious because (1) Ms. Piecenski, whose deposition had already been rescheduled more than once, previously confirmed that February 7, 2012 was a convenient date for her; (2) Ms. Piecenski was properly served with a subpoena; (3) plaintiff was not advised until February 6, 2012 that Ms. Piecenski wished to have counsel present during the deposition; (4) defendant Elsass, who was not representing Ms. Piecenski in a legal capacity and who had previously disclaimed any control over her, had no right to instruct Ms. Piecenski to leave the deposition; (5) Attorney Gallagher traveled from Washington, D.C. to Columbus, Ohio in order to take depositions, including the

deposition of Ms. Piecenski; and (6) the parties were under a court order to complete the depositions by February 10, 2012. Finally, plaintiff contends that it has incurred unnecessary fees and expenses related to rescheduling Ms. Piecenski's deposition a fourth time.

Although the Court sympathizes with the inconvenience caused by rescheduling Ms. Piecenski's deposition on such short notice, the Court cannot conclude that the actions of Ms. Piecenski and defendant Elsass warrant sanctions based on the particular facts of this case. The record reflects that Ms. Piecenski's former counsel, Attorney Leshner, attempted to reschedule the deposition set for February 7, 2012, based on his unavailability rather than on an intent to prevent the deposition from proceeding. *Cf*. *Jurczenko*, 2010 U.S. Dist. LEXIS 73400, at *12-13 (sanctioning conduct where, *inter alia*, plaintiffs and their counsel "evidenced an intent to avoid any future attempts to reschedule" a deposition, refused to join attempts to find mutually convenient deposition dates and "appear to have calculated their cancellation [of a scheduled deposition] to prohibit the other parties from seeking the Court's intervention to ensure that the depositions would go forward or be rescheduled").

Similarly, Attorney Jindra promptly accommodated Attorney Gallagher's proposed rescheduled deposition date. Although rescheduling the deposition two days later undoubtably inconvenienced Attorney Gallagher, she admitted that she had traveled to Columbus, Ohio for the purpose of conducting multiple depositions and other case-related business. In other words, counsel did not travel to Columbus only to conduct the deposition on February 7, 2012. Moreover, in rescheduling the deposition of Ms. Piecenski, the Court

notes that there is no allegation or evidence that defendant Elsass interfered with those discussions to reschedule the deposition. Importantly, Attorney Gallagher concedes that she examined Ms. Piecenski on February 9, 2012 without incident, *i.e.*, without interference from defendant Elsass or Ms. Piecenski, which weighs against an award of sanctions. *Cf.* Fed. R. Civ. P. 30 advisory committee's note to 1993 amendments to paragraph (2) under subdivision (d) (noting that Fed. R. Civ. P. 30(d)(2) "authorizes the court to impose the cost resulting from obstructive tactics that unreasonably prolong a deposition on the person engaged in such obstruction"); *Jurczenko*, 2010 U.S. Dist. LEXIS 73400, at *13 (awarding sanctions where, *inter alia*, the plaintiffs repeatedly disrupted the rescheduled depositions). Therefore, plaintiff apparently obtained the information it sought from Ms. Piecenski before the Court-imposed deadline. Stated differently, the record reflects that the actions of defendant Elsass and Ms. Piecenski did not prejudice plaintiff's claims. Under the specific circumstances of this case, the Court is persuaded that its discretion is better exercised in declining the request for sanctions.

**WHEREUPON**, the *United States' Motion for Sanctions*, Doc. No. 102, is **DENIED**.[2]

May 11, 2012                                        *s/Norah McCann King*
                                                      Norah M<sup>c</sup>Cann King
                                                      United States Magistrate Judge

---

[2] To the extent that defendant Elsass apparently requests sanctions against plaintiff in the form of an apology to Ms. Piecenski and her former counsel, Doc. No. 113, p. 3, the Court finds that his procedurally improper request is without merit and is denied.