**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | Case No. 2:10-CV-336 |
| v. | Judge Peter C. Economus |
| **TOBIAS H. ELSASS,** | Magistrate Judge Norah McCann King |
| **SENSIBLE TAX SERVICES, INC. and** | **MEMORANDUM OPINION** |
| **FRAUD RECOVERY GROUP, INC.,** | **AND ORDER** |
| Defendants. | |

This matter is before the Court for consideration of Defendant Tobias H. Elsass's "Request for Reconsideration of Magistrate['s] Order of June 8, 2012." (Doc. # 136.) Plaintiff United States of America filed a response to the motion (doc. # 137) to Mr. Elsass did not reply. Defendants Sensible Tax Services, Inc. ("Sensible Tax") and Fraud Recovery Group, Inc. ("FRG") did not join in the motion.

**I.**

The complete background of this case has been set forth before. (*See* Opinion and Order, doc. # 62; Mem. Opinion and Order, doc. # 98; Opinion and Order, doc. # 122.) The background relevant to this decision is as follows:

Plaintiff United States of America brings this action for injunctive and declaratory relief pursuant to 26 U.S.C. §§ 7402, 7407, and 7408 against defendants Elsass, Sensible Tax, and FRG (collectively "Defendants"). Plaintiff asks that Defendants "be enjoined from acting as tax return preparers, from providing advice concerning federal tax matters, and from promoting their claimed expertise as to the application of the 'theft-loss' deduction under Internal Revenue Code § 165." (Order, doc. # 122, page 2, citing Complaint, doc. # 1, at ¶¶ 34 – 37.)  According to

Plaintiff, "the tax revenue lost as a result of improper theft-loss claims engineered by the Defendants is significant." (Complaint, ¶ 64.) As part of Plaintiff's Third Set of Interrogatories propounded on Defendants, Interrogatory No. 5 and its subparts ("the Interrogatory") request additional information regarding non-party FRG Nevada's clients, the purported theft-loss scam, claimed amount of theft loss, and amount paid by each client for FRG Nevada's services.[1] (Motion to Compel, doc. # 100, Exh. A.) According to Plaintiff, Defendants resisted Plaintiff's efforts to elicit that additional information, ultimately resulting in Plaintiff's Motion to Compel. Defendants filed a response in opposition. (Elsass's Response, doc. # 104; Sensible Tax/FRG's Response, doc. # 105.)

On May 9, 2012, Magistrate Judge King granted the motion to compel, ordering Defendants "to provide a supplemental, more detailed answer" to the Interrogatory no later than May 18, 2012. (Order, doc. # 122, page 8; *see also* footnote 3.) Plaintiff's request for fees and costs were denied, however, as Magistrate Judge King noted that Defendants had represented to the Court that they had believed the Court's denial of Plaintiff's motion for leave to amend the Complaint to add FRG Nevada as a defendant rendered "moot" their need to supplement Interrogatory 5. (*Id.*) "Under these circumstances, the Court concludes that an award of fees would not be just." (*Id.*)

On May 18, 2012—the deadline for complying with the May 9th Order—Defendants filed a joint motion for an extension of time to comply. (Doc. # 125.) In that motion, the Defendants stated as follows:

> Defendants have been diligently searching for, and continue to produce, the additional documents requested by the Plaintiff as a

---

[1] Magistrate Judge King denied Plaintiff's motion for leave to amend the Complaint in order to join FRG Nevada LLC ("FRG Nevada") as a defendant. (Order, doc. # 103.)

> result of Defendant Elsass'[s] deposition.  As stated in said email request [to Plaintiff] for extension, Defendant Elsass has been on an extensive business trip away from Ohio and all the records and documents for this case are in Ohio.
>
> For these reasons, Defendants request this Court extend the time to respond to the Court's *Opinion and Order* dated May 9, 2012 until Friday[,] May 25, 2012.

(Doc. # 125.)  Plaintiff filed a response in opposition (doc. # 126), and the Court, on May 31, 2012, ordered Defendants to file a reply in support of the motion for extension of time, if any, no later than June 7, 2012 (Order, doc. # 127).  No defendant filed a reply.  Instead, on June 4, 2012, Defendant Elsass filed a "Response to Court's Opinion and Order of May 9, 2012" in which he chastises Plaintiff for failing to submit "a new interrogatory, more skillfully prepared[.]"  (Doc. # 133, page 2.)  In addition, he argues that (1) the Court had ruled that FRG Nevada is not a party and, therefore, any "books or records" of FRG Nevada are not discoverable; (2) Plaintiff has proceeded to "take further discovery" after the Court permitted Plaintiff to explore any relationship between named parties and other entities; and (3) the Court had made it clear that the discovery deadline of April 30, 2012 will not be extended.  (*Id.*)  "In conclusion," Mr. Elsass states, "the Government has had its discovery and opportunity to inquire within the discovery period so this matter is moot."  (*Id.*)

On June 8, 2012, Magistrate Judge King put on an order, noting that no party had filed an objection to or motion for reconsideration of her May 9, 2012 Order.  (Order, doc. # 134.)  Additionally, she observed that in her May 9th Order she had issued an "express order directing response to [P]laintiff's interrogatory; the time for objecting to that order has passed." (*Id.*, page 3.)  Finally, Magistrate Judge King denied the joint motion for an extension of time (doc. # 125) as moot and, once again, ordered Defendants to provide the information requested in the

Interrogatory no later than June 13, 2012. Moreover, the judge ordered Defendant Elsass to show cause why he should not be held in contempt of court.

Defendant Elsass filed the instant motion for reconsideration on June 13, 2012. (Doc. # 136.) Mr. Elsass returns to his original argument that the Interrogatory cannot be answered "as presented." (*Id.*, page 2.) Mr. Elsass also introduces a new argument that federal law prohibits his disclosure of the requested information, citing to the "Gramm-Leach-Bliley Act, 15 U.S.C. Subchapter 1, Sec. 6801-6809[,] Disclosure of Nonpublic Personal Information." (*Id.*, page 3.) Mr. Elsass requests "that he not be held in contempt, that he not be required to answer Interrogatory 5a that is not answerable as presented, that he not be ordered to violated [f]ederal law and that Magistrate King['s] Order of June 8, 2012 be over[-]ruled by this Court." (*Id.*, page 4.) Plaintiff filed a response on June 18, 2012. (Doc. # 137.)

## II.

Under the Federal Rules of Civil Procedure, Rule 72 states as follows:

> (a) Nondispositive Matters. When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

In her June 8th Order, Magistrate Judge King correctly notes that time had passed for filing objections to her May 9th Order. According to the docket, the Clerk of Courts mailed a copy of the May 9th Order to Defendant Elsass at his address of record. Certainly, he received the Order no later than May 18, when he with the other defendants in a request for more time to comply.

4

Fourteen days after that later date—the time permitted for filing objections—was June 1.  No objections were filed on or before that date.  Instead, on June 4, 2012, Defendant Elsass filed a "response" to the Order, reiterating his argument that no supplemental answers to the interrogatory were possible.  (Doc. # 133.)  Notably, however, this response does not object to the Order.

To the extent that Defendant Elsass attempts to lodge any objections to the May 9th Order, those objections are not timely and will not be considered by this Court.  However, even if Defendant Elsass's objections *were* timely, he fails to point to anything in either the May 9th or the June 8th Order that is "clearly erroneous" or "contrary to law," as required under the Civil Rules.  Instead, he rails against the Court in general and Magistrate Judge King in particular for requiring him to expand his response to the Interrogatory.  Defendant Elsass—apparently without support from Defendants Sensible Tax and FRG—returns to his original posture of being "unable" to respond, either due to the phrasing of the interrogatory, the Gramm-Leach-Bliley Act, or a dearth of information.  Not one of these reasons relates to whether Magistrate Judge King's orders are clearly erroneous or contrary to law.  In fact, this Court finds that Magistrate King's May 9th and June 8th orders are based properly on the Federal Rules of Civil Procedure.

Finally, this Court finds that Defendant Elsass fails to show cause why he should not be held in contempt of court.  Despite Magistrate Judge King's clear order to provide more detailed responses to the Interrogatory, Defendant Elsass has steadfastly refused.  This Court directs Magistrate Judge King to determine what sanctions are just under the circumstances presented.

**III.**

Defendant Elsass's Motion for Reconsideration (doc. # 136) is **DENIED.**  Because Defendant Elsass's objections to the May 9th Order of the United States Magistrate Judge was

not timely, and because the May 9th and June 8th orders of the United States Magistrate Judge are neither clearly erroneous nor contrary to law, Defendants' objections are **DENIED.**

    **IT IS SO ORDERED.**

                                       **/s/ Peter C. Economus**
                                       **PETER C. ECONOMUS**
                                       **UNITED STATES DISTRICT JUDGE**