**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>    Plaintiff,<br>v.<br>**TOBIAS H. ELSASS, et al.,**<br>    Defendants. | **Case No. 2:10-CV-336**<br>**Judge Peter C. Economus**<br>**Magistrate Judge Norah M. King**<br>**OPINION AND ORDER** |

This matter is before the Court for consideration of Defendant Tobias H. Elsass's Motion for Summary Judgment. (Doc. # 131.) Plaintiff United States of America filed an opposition to the motion (doc. # 139), to which Elsass filed a reply (doc. # 144). Defendants Sensible Tax Services, Inc. ("Sensible") and the Fraud Recovery Group, Inc. ("FRG") have neither joined Elsass's motion nor filed separate motions for summary judgment.

**I.**

The Government brought this action against all three defendants—Elsass, Sensible, and FRG—pursuant to 26 U.S.C. §§ 7402, 7404, 7407, and 7408, seeking to enjoin Defendants and "any other persons in active concert or participation with them" from "promoting the 'theft loss' scheme" as alleged in the Complaint. (Doc. # 1, ¶ 1.) The Government also seeks to enjoin Defendants from engaging in any other conduct subject to penalty under the tax revenue laws. (*Id*.) Defendants filed an answer. (Answer, doc. # 13.) After numerous months of discovery, Elsass filed the instant dispositive motion.

**II.**

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter

of law." Fed.R. Civ.P. 56(c). The moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by demonstrating the absence of evidence supporting one or more essential elements of the non-movant's claim. *Id.* at 323-25. Once the movant meets this burden, the opposing party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting Fed. R. Civ.P. 56(e)).

"In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences therefrom in a light most favorable to the nonmoving party." *Williams v. Belknap*, 154 F.Supp.2d 1069, 1071 (E.D. Mich. 2001) (citing *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987)). The purpose of summary judgment "is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried." *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 130 F.Supp.2d 928, 930 (S.D. Ohio 1999). Ultimately, this Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

### III.

The Government's claims against Elsass (and the other two defendants) are made pursuant to 26 U.S.C. §§ 7407 and 7408 which permit a court to enjoin a tax return preparer from engaging in certain impermissible conduct. (Complaint, ¶ 1.) Specifically, the Government alleges that Elsass "continually and repeatedly" has encouraged customers "to claim improper

theft-loss deductions under Section 165 of the Internal Revenue Code." (*Id.*, ¶ 2.)  In addition, it alleges that Elsass has repeated and falsely "held himself out to customers, as well as to the IRS, as qualified to represent taxpayers before the IRS in administrative proceedings." (*Id.*, ¶ 3.)

Typically, a party seeking summary judgment sets forth the essential elements of the non-movant's claims and then demonstrates the lack of evidentiary support for one or more element. Not so here.  Instead, Elsass devotes the majority of his motion to discussing the history and tax benefits of the "theft loss" deduction, his interpretation of the tax code, and his belief that he has done nothing wrong.  Further, he purports to speak on behalf of all defendants where neither of the other two defendants has joined in the motion.

To the extent Elsass does focus on the claims against him, he discusses how *some* of the Government's allegations against him are false or misleading, peppering his motion with vague statements questioning the thoroughness of the Government's case. (Motion, pages 6–20.)  For the purpose of summary judgment, *all* allegations must be unsubstantiated; otherwise, the matter proceeds to trial on the remaining claims.  Elsass does not clarify which claims he is asserting to be without merit.  For example, he argues that there is no substantiation for the Government's allegation that he falsely "holds himself out as qualified to practice before the IRS." (*Id.*, page 8.)  He supports this contention by pointing out what he perceives to be flaws in the deposition testimony of Agent Ricky Poole. (*Id.*)  To be more precise, however, the Government alleges that Elsass is in violation of 26 U.S.C. § 7407(b)(1)(B), in part on the basis that his law license is indefinitely suspended.  Elsass does not address this portion of the allegation at all.  The Government, on the other hand, cites to evidence in the record: Elsass's deposition, the declaration of Laura Pond, Department of Justice paralegal, and Forms 2848 Powers of Attorney

signed by Elsass. (Mem. In Opp., pages 11–12, Exhs. 1, 49, and 58, respectively.) Certainly, here, there is no *absence* of a genuine issue of material fact.

Ultimately, Elsass does not point to an absence of proof on any essential element of the Government's case. If anything, he demonstrates that there is ample dispute over numerous material facts. As a result, summary judgment is not appropriate, and Defendant Elsass's motion is denied.

**IV.**

Based on the foregoing, Defendant Tobias H. Elsass's Motion for Summary Judgment (doc. # 131) is **DENIED.** As a result, Plaintiff United States of America's Motion to Strike (doc. # 138) and Motion to File Supplemental Authority (doc. # 156) and Defendant Elsass's Motion to Strike (doc. # 143) are rendered **MOOT.**

    **IT IS SO ORDERED.**

                                 **Peter C. Economus**
                                 **PETER C. ECONOMUS**
                                 **UNITED STATES DISTRICT JUDGE**