IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

  vs.                                     Civil Action 2:10-CV-336
                                               Judge Economus
                                               Magistrate Judge King

**TOBIAS H. ELSASS, *et al.*,**

        **Defendants.**

## OPINION AND ORDER

This matter is before the Court on *United States' Fee Application*, Doc. No. 150, and *United States' Motion for Entry of Sanctions for Elsass's Continued Contempt of Court* ("*Motion for Sanctions*"), Doc. No. 152. For the reasons that follow, *United States' Fee Application* is **GRANTED** and the *Motion for Sanctions* is **DENIED** without prejudice to renewal should defendant Elsass fail to fully comply with this order.

I.    BACKGROUND

This Court has previously set forth the facts in this case. *See Opinion and Order*, Doc. No. 62, at 1-3. More briefly, plaintiff United States of America brings this action for injunctive and declaratory relief under 26 U.S.C. §§ 7402, 7407 and 7408 against defendants Tobias H. Elsass, Sensible Tax Services, Inc. and Fraud Recovery Group, Inc. ("FRG") in connection with what plaintiff characterizes as defendants' promotion of a theft loss tax scheme. Plaintiff specifically asks that defendants be enjoined from acting as tax return preparers, from providing advice concerning federal tax

1

matters and from promoting their claimed expertise as to the application of the "theft-loss" deduction under Internal Revenue Code § 165. *Complaint*, Doc. No. 1, at ¶¶ 34-37.

Plaintiff alleges that defendant Elsass formed FRG in 2006 as a means for promoting the application of the theft-loss deduction to victims of investment-related schemes. *Id*. at ¶ 28. FRG contacted prospective customers regarding its services. *Id*. at ¶ 31. Should a customer express interest, FRG then prepared a questionnaire and engagement form but "conduct[ed] no evaluation to determine if a prospective customer could legitimately claim a theft-loss deduction." *Id*. According to plaintiff, "the tax revenue lost as a result of improper theft-loss claims engineered by the Defendants is significant." *Id.* at ¶ 64.

During the course of discovery, defendants responded to plaintiff's Third Set of Interrogatories. Exhibit A, attached to *United States' Motion to Compel* ("*February 2012 Motion to Compel*"), Doc. No. 100. Plaintiff sought additional information regarding an entity referred to as FRG Nevada in response to Interrogatory No. 5, which defendants resisted. *See id*., Exhibits B and C. Unable to resolve the dispute, plaintiff filed the *February 2012 Motion to Compel*. On May 9, 2012, the Court granted in part the *February 2012 Motion to Compel* and ordered defendants to provide a supplemental, more detailed answer to Interrogatory No. 5 of plaintiff's Third Set of Interrogatories ("the interrogatory") no later than May 18, 2012. *Opinion and Order*, Doc. No. 122, at 8.

On May 18, 2012, defendants filed a joint motion to extend, until

May 25, 2012, the time to respond. *Defendants' Joint Request for Extension of Time*, Doc. No. 125. The Court denied that request in light of defendants' failure to provide the response by the requested, extended, date, and ordered defendant Elsass to respond to the interrogatory by June 13, 2012. The Court also ordered defendant Elsass to show cause, by that same date, why he should not be held in contempt of court for his continued refusal to comply with the earlier order to respond to the interrogatory. *Order*, Doc. No. 134, at 3. Defendant Elsass did not comply with that order but instead filed a motion for reconsideration of that order. *Motion for Reconsideration*, Doc. No. 136. The *Motion for Reconsideration* was denied and Judge Economus has directed the undersigned to "determine what sanctions are just under the circumstances presented." *Memorandum Opinion and Order*, Doc. No. 146, at 5.

On July 20, 2012, the Court ordered defendant Elsass to "respond to the interrogatory within seven (7) days" of the date of the order. *Order*, Doc. No. 147, at 1. The Court also concluded

> that, in light of the fact that plaintiff was required to prepare and file memoranda addressing defendant Elsass' failure to respond to the interrogatory and to comply with the orders of this Court, the payment by defendant Elsass of plaintiff's expenses, including a reasonable attorneys' fee, associated with the preparation and filing of those memoranda is appropriate. Plaintiff is therefore DIRECTED [to] file a request for a reasonable attorneys' fee, including an itemization of time spent preparing and filing its memoranda associated with defendant Elsass' failures to respond to the interrogatory and to comply with the orders of this Court.

*Id*.

On July 26, 2012, defendant Elsass filed *Defendant Elsass' Answer to the Court's Order of 7/20/12*, Doc. No. 151, in which he purports to

supplement his answer to the interrogatory.

Plaintiff has submitted a request for attorneys' fees in the amount of $5,500, *United States' Fee Application*, Doc. No. 150, at 3, and defendant Elsass has filed a response. *Defendant Elsass' Response to United States Fee Application*, Doc. No. 155. Plaintiff also filed *United States' Motion for Entry of Sanctions for Elsass's Continued Contempt of Court*, Doc. No. 152, to which defendant Elsass filed *Defendant Elsass' Response to Plaintiff's Entry for Sanctions*, Doc. No. 153, and *Supplemental Response of Defendant Elsass to Plaintiff's Motion for Sanctions* ("*Elsass' Supplemental Response*"), Doc. No. 154. Defendant Elsass represents that he answered the interrogatory "the same way three times," but he argues that his answers were correct and that plaintiff has not proven that he has the ability to comply with the Court's order. *Elsass' Supplemental Response*, at 1-2. Defendant Elsass also requests a hearing regarding any order of contempt and sanctions, and he again seeks recusal of the undersigned. *Id.* at 2, 4.

**II. DEFENDANT ELSASS' PETITION FOR SUBSTITUTION OF JUDGE**

Defendant Elsass asks the Court for "a substitution of Judge(s)." *Elsass' Supplemental Response*, at 4. As it relates to the undersigned, defendant Elsass bases his request on the following sentence in the Court's July 20, 2012 *Order*, Doc. No. 147, issued by the undersigned: "There will be no extension of this date and defendant Elsass is advised that his failure to fully respond to the interrogatory may result in the imposition of severe sanctions, including the entry of his default." *Id.* at 2. *See Elsass'*

4

*Supplemental Response*, at 4.  Defendant Elsass argues that "this is an extreme and punitive in nature [sic] for which he fears he will not receive a fair and impartial trial before the Court on this matter!" *Id*.

Federal law requires a federal judicial officer to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. §455(a).  The bias or prejudice that mandates recusal, however, must be wrongful or inappropriate, *i.e.*, either relying on knowledge acquired outside the proceedings or displaying deep-seated and unequivocal antagonism that would render fair judgment impossible.  *Liteky v. United States*, 510 U.S. 540 (1994).  In this regard, judicial rulings alone almost never constitute a basis for recusal.  *Id.; United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966).

Defendant Elsass' argument is based on a judicial ruling that simply does not manifest bias against any party in this action.  The sentence quoted by defendant Elsass is a reference to Rule 37 of the Federal Rules of Civil Procedure, which authorizes the Court to impose sanctions – including an entry of default – on parties that do not obey a discovery order.  *See* Fed. R. Civ. P. 37(b)(2)(A)(v).  Informing defendant Elsass of the possibility of Rule 37 sanctions does not suggest any bias on behalf of the Court.  Indeed, such a warning is required.  *See Harmon v. CSX Transp., Inc.,* 110 F.3d 364, 366-67 (6th Cir. 1997).  Accordingly, as it relates to the undersigned, defendant Elsass' petition for substitution of judge is **DENIED**.

**III. UNITED STATES' FEE APPLICATION**

As noted, Judge Economus determined "that Defendant Elsass

5

fail[ed] to show cause why he should not be held in contempt of court," and he directed the undersigned "to determine what sanctions are just under the circumstances presented." *Memorandum Opinion and Order*, Doc. No. 146, at 5. On that same day, the Court directed plaintiff to "file a request for a reasonable attorneys' fee, including an itemization of time spent preparing and filing its memoranda associated with defendant Elsass' failures to respond to the interrogatory and to comply with the orders of this Court." *Order*, Doc. No. 147, at 2. In response, plaintiff has itemized a total of 20 hours spent by attorney Brian H. Corcoran in connection with obtaining defendant Elsass' failure to comply with the orders of this Court. *Declaration of Brian H. Corcoran* ("*Corcoran Declaration*") at ¶¶ 5-10, attached to *United States' Fee Application*.

Plaintiff asserts that $275 is a reasonable hourly rate for attorney Corcoran's time based on Corcoran's extensive legal experience and prevailing professionsl rates in Columbus, Ohio. *United States' Fee Application*, at 1-3. Defendant does not object to Corcoran's hourly rate, but he characterizes the number of hours itemized by Corcoran as excessive. *Defendant Elsass' Response to United States Fee Application* ("*Defendant's Response*"), Doc. No. 155, at ¶¶ 1-4. Defendant Elsass suggests that no more than 10 hours was reasonable under the circumstances, considering Corcoran's experience and the length and type of documents actually filed. *Id*. at ¶ 1. Defendant Elsass also objects to plaintiff's failure to produce Corcoran's time records, plaintiff's suggested payment terms and plaintiff's inclusion of three hours of time for preparing the *United*

6

*States' Fee Application*. *Id*. at ¶¶ 3, 5-6.

Plaintiff's filings associated with defendant Elsass' failures to respond to the interrogatory and to comply with the orders of this Court, and Corcoran's time spent on those matters, are as follows:

On February 23, 2012, plaintiff filed the *February 2012 Motion to Compel*, which consisted of four pages and was supported by an eight page memorandum and three exhibits consisting of 13 pages. Corcoran itemized six and one-half hours in connection with the motion, provided the dates that he worked on the motion, and provided a detailed description of his activities in drafting and filing the motion. *Corcoran Declaration*, at ¶ 5. Specifically, Corcoran provides that his time was spent

> researching the law regarding the motion to compel; reviewing a history of the parties' dealings on the topic as well as the discovery record; drafting the motion and memorandum of law in support and filing the same; communicating with my colleagues Erin Healy Gallagher and Natalie Sexsmith regarding the motion; and communicating with my superiors about revisions to the motion.

*Id*.

Defendants opposed plaintiff's motion to compel, *see Defendant Tobias Elsass, Memorandum Contra to Plaintiff's Motion to Compel*, Doc. No. 104, and *Defendants Fraud Recovery Group Inc. & Sensible Tax Service's Memorandum Contra United States' Motion to Compel*, Doc. No. 105, and plaintiff filed a reply. *Reply in Further Support of United States' Motion to Compel* ("*Plaintiff's Reply*"), Doc. No. 109. *Plaintiff's Reply* is six pages in length and is supported by three exhibits consisting of four pages. Corcoran itemized four and one-half hours in connection with *Plaintiff's Reply* and described in

detail the nature of the work performed in drafting and filing the reply. *Corcoran Declaration*, at ¶ 6.

The Court granted the *February 2012 Motion to Compel* and ordered defendants to provide a supplemental, more detailed answer to the interrogatory no later than May 18, 2012. *Opinion and Order*, Doc. No. 122, at 8. On May 18, 2012, defendants filed a joint motion for an extension – until May 25, 2012 – to respond. *Defendants' Joint Request for Extension of Time*, Doc. No. 125. Plaintiff filed a response on May 31, 2012, representing that defendants had not responded to the interrogatory and requesting that the Court compel defendants to respond. *Response to Defendants' Joint Motion to Extend Time*, Doc. No. 126, at 2. Corcoran itemized one and one-half hours in connection with this four page response, specifying the dates and the actions taken in drafting and filing the response. *Corcoran Declaration*, at ¶ 7.

The Court denied *Defendants' Joint Request for Extension of Time* on June 8, 2012, *Order*, Doc. No. 134, and defendant Elsass filed a motion to reconsider on June 13, 2012. *Defendants Request for Reconsideration of Magistrates Order of June 8, 2012*, Doc. No. 136. Plaintiff filed a five page response on June 18, 2012. *United States' Response to Motion to Reconsider*, Doc. No. 137. Corcoran itemized four and one-half hours over the course of three days in connection with that response. *Corcoran Declaration*, at ¶ 9.

As directed by the Court in its July 20, 2012 *Order*, plaintiff filed the *United States' Fee Application*. The fee application is six pages long and is supported by the *Corcoran Declaration*, which is four

pages long, and a six page exhibit regarding attorneys fees. Corcoran itemized three hours in connection with the fee application, specifying the actions taken. *Id*. at ¶ 10.

In total, plaintiff filed one motion, two responses, one reply, and a request for attorneys' fees. These filings consist of 33 pages and are supported by seven exhibits (which themselves consist of 23 pages) and the *Corcoran Declaration*, which is four pages in length. Each of the filings is directly related to plaintiff's efforts to prepare and file memoranda associated with defendant Elsass' failures to respond to the interrogatory and to comply with the orders of this Court. Defendant Elsass argues that plaintiff cannot recover for the time spent preparing and filing the *United States' Fee Application*; however, plaintiff was directed by this Court to file the fee application and it is a filing "associated with defendant Elsass' failures to respond to the interrogatory and to comply with the orders of this Court." *Order*, Doc. No. 147, at 2. Moreover, time spent preparing and presenting a fee application is ordinarily compensable. *See, e.g., Gonter v. Hunt Valve Co., Inc.,* 510 F.3d 610, 620 (6th Cir. 2007)(False Claims Act case);*Coulter v. Tennessee*, 805 F.2d 146, 151 (6th Cir. 1986)(Title VII case); *City of Detroit v. TXU Energy Retail Co., L.P.,* 2007 WL 551600, *4 (E.D. Mich. Feb. 20, 2007)(discovery sanction). Accordingly, Corcoran's time spent preparing and filing the *United States' Fee Application* falls within the ambit of expenses covered by the Court's July 20, 2012 order.

The Court concludes that the hours itemized and the amounts sought are reasonable. Plaintiff's filings are supported by legal

9

research and excerpts of discovery, and the hours itemized do not include time spent attempting to resolve the discovery dispute without the need for resolution by the Court. The filings are comprehensive and are associated with defendant Elsass' failures to respond to the interrogatory and to comply with the orders of this Court. Corcoran's *Declaration*, made under penalty of perjury, specifies the dates he worked on each filing and the amount of time he devoted each day to the filing, and provides a detailed description of the nature of the work performed in connection with each filing. The Court also notes that – despite Corcoran's declaration suggesting that he reviewed several of the filings with Erin Healy Gallagher, Natalie Sexsmith, and his superiors – only Corcoran's time is included in the fee application. *See id*. at ¶¶ 5-7, 9.

Accordingly, *United States' Fee Application*, Doc. No. 150, is **GRANTED**. Plaintiff United States of America is **AWARDED** an attorneys' fee in the amount of $5,500.00 from defendant Tobias H. Elsass.

## IV. MOTION FOR SANCTIONS

Plaintiff's *Motion for Sanctions* asserts that defendant Elsass has failed to comply with the Court's order of July 20, 2012 requiring response to the interrogatory. Plaintiff seeks to compel defendant Elsass to provide a full response to the interrogatory and additional sanctions for his alleged failure to comply with that order.

### A. Standard

The Federal Rules of Civil Procedure grant parties the right to "obtain discovery regarding any nonprivileged matter that is relevant

to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).
Relevance for discovery purposes is extremely broad. *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). However, "district courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce." *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007) (citing Fed. R. Civ. P. 26(b)(2)). In determining the proper scope of discovery, a district court balances a party's "right to discovery with the need to prevent 'fishing expeditions.'" *Conti v. Am. Axle & Mfg. Inc.*, 326 Fed. Appx. 900, at 907 (6th Cir. 2009) (quoting *Bush v. Dictaphone Corp.*, 161 F.3d 363, 367 (6th Cir. 1998)).

Rule 37 of the Federal Rules of Civil Procedure authorizes sanctions when a party fails to obey an order to provide or permit discovery, including an order under Rule 37(a). Fed. R. Civ. P. 37(b)(2)(A). A court may issue such orders as are just, including, *inter alia*, orders "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2)(A)(i), (ii).

**B. Discussion**

Plaintiff seeks an order compelling defendant Elsass to "provide a complete answer to Interrogatory No. 5," and it seeks sanctions for defendant Elsass' alleged failure to comply with the Court's July 20, 2012 *Order*, Doc. No. 147, requiring defendant Elsass to fully respond to the interrogatory. The interrogatory asks:

> For each entity identified in response to Interrogatory No. 4 [which sought the disclosure of "subsidiary companies or entities related to or owned by any of the Defendants and established, created, or acquired since the filing of the lawsuit" and in response to which defendants identified FRG Nevada], set forth (a) the names, addresses, and Social Security Numbers of all taxpayer customers who contracted with the entity to assist the customer in claiming a Section 165 theft loss deduction, (b) the purported fraudulent scam that resulted in the claimed theft loss, (c) the claimed amount of the theft loss, (d) the claimed amount of the deduction resulting from the theft loss, and (e) the amount paid by the customer for the services provided in claiming the Section 165 theft loss deduction.

Exhibit A, attached to *February 2012 Motion to Compel*, at 5. As the Court noted in its May 9, 2012 *Opinion and Order*, the information sought by the interrogatory is relevant because it "provides insight into whether the FRG defendants are 'continually or repeatedly' violating the tax codes." *Opinion and Order*, Doc. No. 122, at 7.

Defendant Elsass previously answered the interrogatory as follows:

(a) None.

(b) Defendants object to this portion of Interrogatory No. 5 in that it is vague and ambiguous regarding its scope, *i.e.*, it is unclear whether it requests information concerning scams that resulted in theft losses claimed by individuals who have contracted with FRG or FRG Nevada, or both. Without waiving said objection, no fraudulent scams have resulted in theft losses being claimed by taxpayers who have contracted with FRG Nevada.

(c) Defendants object to this portion of Interrogatory No. 5 in that it is vague and ambiguous regarding its scope, *i.e.*, it is unclear whether it requests information concerning theft losses claimed by individuals who have contracted with FRG or FRG Nevada, or both. Without waiving said objection, none.

(d) Defendants object to this portion of Interrogatory No. 5 in that it is vague and ambiguous regarding its scope, *i.e.*, it is unclear whether it requests information concerning theft losses claimed by individuals who have contracted with FRG or FRG Nevada, or both. Without

>    waiving said objection, none.
>
> (e) Defendants object to this portion of Interrogatory No. 5 in that it is vague and ambiguous regarding its scope, *i.e.*, it is unclear whether it requests information concerning individuals who have contracted with FRG or FRG Nevada, or both. Without waiving said objection, none.

Exhibit A, attached to *February 2012 Motion to Compel*, at 5-6.

Defendant Elsass' latest response to the interrogatory is as follows:

> (a) The previous answer was correct, "none"!
>
> (b) This would be inapplicable due to the answer in (a), but Elsass found evidence that FRGNV was working on following investment entities; Cambridge Fund LLC, Builders Capital, Clayton Mortgage, Aspen Financial, Consolidated Mortgage, Desert REIT, Cheyenne Mountain Entertainment, Goldwater Capital, Hans Seibt, Golden Express Capital, Icon Real Estate, Private Capital, Royal Union, IFA, ICN, Land Barrons Investments, Little Loan Shoppe, Nationwide Consultants, Onecap, Pacific West Equity, Point Center, Southwest Exchange, Ultimate Sports Resort, USA Capital, Vestin Mortgage, Windemere and Xyience. NOTE, Elsass does NOT represent that this entire list qualifies for treatment as a 165 loss. Some of these scams Fraud Recovery Group has worked, most it has not. The majority of these listed investments were legitimate businesses that failed due to the economy, not due to theft by the principles.
>
> (c) None
>
> (d) Zero
>
> (e) Zero

*Defendant Elsass' Answer to the Court's Order of 7/20/12*, at 4.

Defendant Elsass admits that he answered the interrogatory "the same way three times," *Elsass' Supplemental Response*, at 1-2, but his most recent response was also supported by three pages of "factual information (needed to explain the answers to interrogatory 5)." *Defendant Elsass' Answer to the Court's Order of 7/20/12*, at 1-4. In the three pages of "factual information," defendant Elsass argues that

13

FRG and FRG Nevada were "separate enti[ies]" and FRG Nevada had no employees working for FRG in Las Vegas. *Id*. at 3. Defendant Elsass maintains that FRG Nevada was a "marketing and research" company and had no contracts, and that "Elsass was selling contracts for Fraud Recovery Group, Inc., and not FRG Nevada, LLC." *Id*. at 3-4. Defendant Elsass further argues that on October 6, 2011, A.J. Petrie, the only officer of FRG Nevada at the time, resigned his position and transferred FRG Nevada to defendant Elsass. *Id*. at 3.

The factual information provided by defendant Elsass to explain his answers and other evidence before the Court suggest that defendant Elsass' latest response to the interrogatory is incomplete and that defendant Elsass has failed to comply with the Court's July 20, 2012 order. That order is directly related to the order of May 9, 2012, in which the Court first ordered defendant Elsass "to provide a supplemental, more detailed answer to Interrogatory No. 5." *Opinion and Order*, Doc. No. 122, at 8. In issuing that directive, the Court observed that the interrogatory "seeks to gauge the nature of FRG Defendants' expansion efforts, by determining what success FRG Nevada has had in locating new customers for the overall FRG enterprise and whether the theft loss claims prepared for such customers violate the Internal Revenue Code." *Id*. at 7.

FRG Nevada is represented to be a "marketing" company. *Defendant Elsass' Answer to the Court's Order of 7/20/12*, at 3. Reasonably construed, the interrogatory calls for information regarding customers who contracted with FRG, FRG Nevada, or both, for assistance in claiming a Section 165 theft loss deduction.

Defendant Elsass' latest response represents that FRG Nevada had

14

no contracts. *Id*. at 3-4 ("Everyone assumed because Elsass was in the same office, that there were FRG Nevada contracts. There were NONE so the question was answered as such. Elsass was selling contracts for Fraud Recovery Group, Inc. NOT FRG Nevada, LLC."). Defendant Elsass' response reflects a hyper-technical reading of the interrogatory that does not take into consideration the Court's prior orders. Defendant Elsass originally objected to the interrogatory as "vague and ambiguous regarding its scope, *i.e.*, it is unclear whether it requests information concerning scams that resulted in theft losses claimed by individuals who have contracted with FRG or FRG Nevada, or both." *See* Exhibit A, attached to *February 2012 Motion to Compel*, at 5-6. In ordering defendant Elsass to more fully respond to the interrogatory, the Court cautioned defendant Elsass "not [to] reiterate former defense counsel's objection to the form of Interrogatory No. 5." *Opinion and Order*, Doc. No. 122, at 8. Accordingly, defendant Elsass' response to the interrogatory should have addressed those individuals who contracted with FRG, FRG Nevada, or both. Defendant Elsass' latest response to the interrogatory again focused on the relationship between FRG and FRG Nevada and whether FRG Nevada had contracts. *See Defendant Elsass' Answer to the Court's Order of 7/20/12*, at 2-4. Defendant Elsass did not state in his response whether there were customers who, after receiving information from FRG Nevada, contracted with FRG for assistance in claiming a Section 165 theft loss deduction. In fact, defendant Elsass specifically states that he was "selling contracts for Fraud Recovery Group, Inc. NOT FRG Nevada, LLC." *Id*. at 4. It is unclear whether the contracts to which defendant Elsass refers arose out of the marketing efforts of FRG

15

Nevada; if so, that information must be disclosed in response to the interrogatory.  Moreover, there is other evidence that defendant Elsass' latest response to the interrogatory was incomplete. Regardless of the relationship among these entities prior to October 2011, defendant Elsass is now "the manager of and exercises practical control over FRG Nevada" and its records.  Exhibit A, attached to *February 2012 Motion to Compel*, at 5; Exhibit 65, attached to *Opposition to Elsass's Motion for Summary Judgment*, at 271-74.  There is also evidence that FRG and FRG Nevada were involved in the same tax theft loss claims for at least one taxpayer.  *See* Exhibit A (copy of amended tax return prepared by "Worthington Tax Group," which shares office space with FRG), Exhibit B (cover letter on FRG Nevada letterhead accompanying the amended tax return for the same taxpayer), both attached to *Reply in Further Support of United States' Motion to Compel*.  It also appears that at least one FRG customer has conferred a power of attorney on FRG Nevada personnel.  *Id.*, Exhibit C (IRS letter dated January 18, 2012, addressed to "FRG Nevada, Attention: Thomas L. Sooey," with an address in Worthington, Ohio).  Furthermore, an email addressed to "OneCap Investors" and dated February 7, 2012, *i.e.*, four months after defendant Elsass became the manager of FRG Nevada, states:

> Many of you have already signed up with us and are receiving refunds from the IRS weekly.  To date we have received over 1 1/2 million in refunds for OneCap investors.  But there are lots of onecappers who have not treated their losses under 165(c)(2) of the IRS code or who continue to be misled that the losses do not qualify.

Exhibit 44, attached to *Opposition to Elsass's Motion for Summary Judgment*, at 1-2.

The Court concludes that defendant Elsass' most recent response to the interrogatory was, yet again, deficient. The Court previously noted that the interrogatory sought "to gauge the nature of FRG Defendants' expansion efforts, by determining what success FRG Nevada has had in locating new customers for the overall FRG enterprise and whether the theft loss claims prepared for such customers violate the Internal Revenue Code." *Opinion and Order*, Doc. No. 122, at 7. Instead of complying with the Court's orders to provide information relating to the relationship between FRG and FRG Nevada, defendant Elsass has repeatedly – and unpersuasively – contested the existence of that relationship. *See e.g.*, *Defendant Elsass' Answer to the Court's Order of 7/20/12*, at 2-4.

Plaintiff asks that defendant Elsass' failure to comply with the *Order* of July 20, 2012 be sanctioned. Plaintiff proposes two possible sanctions: first, that the Court "preliminarily enjoin Elsass from continuing to assist FRG and its customers with their theft loss claims or to promote Section 165 theft loss claims through his various businesses;" second, to preclude defendant Elsass "from putting on evidence contesting (a) the existence of a close relationship between FRG and FRG Nevada, and/or (b) that the establishment of FRG Nevada demonstrates proof of 'continual or repeated' misconduct for purposes of enjoining him under 26 U.S.C. § 7407." *Motion for Sanctions*, at 4-5.

Rule 37(b) of the Federal Rules of Civil Procedure authorizes the imposition of sanctions for a party's failure to obey an order requiring discovery. Fed. R. Civ. P. 37(b)(2)(A). In determining the appropriate sanction, the United States Court of Appeals for the Sixth

17

Circuit has directed trial courts to consider four factors: (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the party's failure to cooperate in discovery; (3) whether the party was warned that failure to cooperate could lead to the sanction; and (4) whether less drastic sanctions were first imposed or considered. *Harmon, supra,* 110 F.3d at 366-67.

Defendant Elsass has repeatedly failed to comply with the Court's discovery orders and has deprived plaintiff of the discovery to which it is entitled. The Court's orders of May 9, 2012 June 8, 2012 and July 20, 2012 were clear; defendant Elsass was required to provide a full response to the interrogatory but he has, without justification, failed to do so. There is no doubt that plaintiff has been prejudiced by defendant Elsass' repeated failures to cooperate in discovery. Plaintiff has expended time, money and effort in pursuit of discovery that defendant Elsass is legally obligated to provide. Additionally, defendant Elsass was advised by the Court on July 20, 2012, that "his failure to fully respond to the interrogatory may result in the imposition of severe sanctions, including the entry of his default." *Order*, Doc. No. 147, at 1.

Nevertheless, this Court prefers that cases, to the extent possible, be resolved on the merits of the parties' claims and defenses after a full opportunity to engage in the discovery authorized by the Federal Rules of Civil Procedure. To the extent that the motion requests a preclusion order, plaintiff's *Motion for Sanctions* is without merit. Defendant Elsass is, however, once again ordered to provide a full and complete response to the interrogatory.

**V.    DEFENDANT ELSASS' REQUEST FOR A HEARING**

Defendant Elsass requests a hearing prior to the Court's imposition of sanctions or a finding of contempt. *Elsass' Supplemental Response*, at 1-3 ("At minimum, this Court before sanctioning Elsass should afford Defendant a hearing and allow witness (sic) to be called and cross examined and evidence presented."). Rule 37 of the Federal Rules of Civil Procedure authorizes sanctions when a party fails to obey an order to provide or permit discovery. Fed. R. Civ. P. 37(b)(2)(A). Rule 37 does not require a hearing prior to sanctions, but it does require an "opportunity to be heard" in some circumstances. *See* Fed. R. Civ. P. 37(c)(1). Defendant Elsass has had the opportunity to be heard prior to the imposition of sanctions. *See Motion for Reconsideration*, Doc. No. 136, *Defendant Elsass' Answer to the Court's Order of 7/20/12*, Doc. No. 151, *Defendant Elsass' Response to United States Fee Application*, Doc. No. 155, *Defendant Elsass' Response to Plaintiff's Entry for Sanctions*, Doc. No. 153, *Elsass' Supplemental Response*, Doc. No. 154. Accordingly, defendant Elsass' request for a hearing is **DENIED**.

**WHEREUPON**, the *United States' Fee Application*, Doc. No. 150, is **GRANTED**. Plaintiff United States of America is **AWARDED** an attorneys' fee in the amount of $5,500.00 from defendant Tobias H. Elsass. The *United States' Motion for Entry of Sanctions for Elsass's Continued Contempt of Court*, Doc. No. 152, is **DENIED** in part. However, defendant Elsass is **ORDERED** to fully respond to the interrogatory

19

within fourteen (14) days of the date of this *Order*.[1] There will be no extension of this date and defendant Elsass is **ADVISED** that his failure to fully respond to the interrogatory may result in the imposition of severe sanctions, including the entry of his default. *See* Fed. R. Civ. P. 37(b)(2). As provided in more detail *supra*, a full response requires defendant Elsass to provide information regarding individuals who contracted with FRG, FRG Nevada, or both, for assistance in claiming a Section 165 theft loss deduction after learning of the services from FRG Nevada or its agent or representative.

Defendant Elsass' request for a hearing is **DENIED**. Defendant Elsass' request that the undersigned be recused is **DENIED**.


September 26, 2012                *s/ Norah McCann King*
                                  Norah McCann King
                                  United States Magistrate Judge

---

[1] In so ordering, the Court expects that defendant Elsass will not reiterate his argument that there is no relationship between FRG and FRG Nevada.