**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

    **vs.**                                                         **Civil Action 2:10-CV-336**
                                                                                **Magistrate Judge King**

**TOBIAS H. ELSASS,** *et al.,*

       **Defendants.**

## OPINION AND ORDER

This matter is before the Court on the motion filed *pro se* by defendant Elsass to quash subpoenas issued by the Government toPark National Bank and JPMorgan Chase Bank, NA. *Motion to Quash Subpoenas*, ECF No. 281 ("*Motion to Quash*"). The Government opposes the *Motion to Quash*. *United States' Memorandum in Opposition to Defendant Tobias Elsass' Motion to Quash Subpoenas*, ECF No. 283 ("*Memo. in Opp.*"). There has been no reply. Because the Court concludes that the *Motion to Quash* can be resolved on the parties' memoranda, the request for oral argument, *see Motion to Quash*, PagedID# 9919, is denied.

The United States of America brought this civil action for injunctive and declaratory relief under 26 U.S.C. §§ 7402, 7407 and 7408 against defendants Tobias H. Elsass and entities that he founded and controlled, including Fraud Recovery Group, Inc., in connection with defendants' promotion of a theft loss tax scheme. On October 17, 2013, the Court enjoined all defendants from serving as tax return preparers. *Judgment*, Doc. No. 240. Specifically, the Court enjoined defendants from, *inter alia*,

> owning any interest in, operating, incorporating, establishing, employment with, associating with, advising, and/or investing in any entity, business, corporation, partnership, or association involved in the business of promoting the availability of or assisting or advising taxpayers with 26 U.S.C. § 165 theft-loss deductions and/or any tax matters. The Defendants must immediately divest any ownership interest in any such company or entity and/or cause such company or entity to cease operations;
>
> The Defendants are enjoined from employment with, associating with, and advising, any person involved in the business of promoting the availability of or assisting or advising taxpayers with 26 U.S.C. § 165 theft-loss deductions and/or any tax matters;. . .

*Id*. at PageID# 9184. The United States Court of Appeals for the Sixth Circuit affirmed that judgment. *United States v. Elsass*, 769 F.3d 390 (6th Cir. 2014).

On February 1, 2017, the Government issued document subpoenas to JPMorgan Chase Bank, NA, and Park National Bank, seeking the production of financial records and other documents in connection with accounts held in the name of, *inter alia*, defendant Elsass and Fraud Recovery Group, Inc. Attachment 1 to *Motion to Quash*, PageID# 9923-9937; Exhibit A to *Memo. in Opp*. Noting that his Chapter 7 bankruptcy proceedings remain pending, *see Suggestion of Bankruptcy*, ECF No. 282, defendant Elsass argues that the documents sought by the subpoenas "are clearly protected by" the automatic stay provisions of the Bankruptcy Code, 11 U.S.C. § 362. *Motion to Quash*, PagedID# 9920. Defendant Elsass asks that the subpoenas be quashed and that the Government's counsel be sanctioned. *Id*. at PageID# 9920.

It is true that 11 U.S.C. § 362(a) operates to stay the continuation of many judicial proceedings against a debtor in bankruptcy. However, "[t]he automatic stay provision 'was intended to prevent interference with a bankruptcy court's orderly disposition of the property of the estate[;]

2

it was not intended to preclude post-petition suits to enjoin unlawful conduct.'" *Dominic's Restaurant of Dayton, Inc. v. Mantia*, 683 F.3d 757, 760 (6th Cir. 2012)(quoting *Larami Ltd. V. Yes! Entm't Corp.*, 244 B.R. 56, 60 (D.N.J. 2000)). The statute expressly exempts from such stay

> the commencement or continuation of an action or proceedings by a governmental unit . . . to enforce such governmental unit's . . . police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceedings by the governmental unit to enforce such governmental unit's . . . police or regulatory power. . . .

11 U.S.C. § 362(b)(4). Moreover, civil contempt proceedings for an alleged violation of an injunction are likewise exempt from the statutory stay. *Dominic's Restaurant of Dayton, Inc.,* 683 F.3d 757.

The Government asserts that, based on his bankruptcy filings, there is reason to believe that defendant Elsass is acting in violation of this Court's injunction prohibiting him from "employment with, associating with, and advising, any person involved in the business of promoting the availability of or assisting or advising taxpayers with 26 U.S.C. § 165 theft-loss deductions and/or any tax matters." *Judgment*, ECF No. 240, PageID# 9184. The Government therefore asks that the Court permit post-judgment discovery, including the issuance of the challenged subpoenas, in order "to enforce the Injunction. . . ." *Memo. in Opp.*, PageID# 9942.

This Court's own review of defendant Elsass' bankruptcy proceedings would appear to confirm the Government's concern. *See In re Elsass*, 2:16-bk-57091 (S.D. Ohio), *Voluntary Petition for Individuals Filing for Bankruptcy*, ECF No. 1, p. 34 (indicating that the debtor is employed by "Fraud Recovery Group, Inc." to perform "Tax work"). Under these circumstances, the Court therefore concludes that the issuance of the

subpoenas was proper in light of the Government's legitimate efforts to ensure compliance with this Court's injunction in this case. *See* 11 U.S.C. § § 362(b)(4); *Dominic's Restaurant of Dayton, Inc.,* 683 F.3d 757.

Accordingly, the *Motion to Quash*, ECF No. 281, is **DENIED**.


April 26, 2017                                     *s/Norah McCann King*
                                                      Norah M<sup>c</sup>Cann King
                                              United States Magistrate Judge